IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MITITO TWITTY | ) |
|       **Plaintiff** | ) |
| vs | ) Case No. 0:24-cv-03326 |
| EQUIFAX INFORMATION SERVICES LLC | ) COMPLAINT<br>) JURY DEMAND |
|       **Defendant** | ) |

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

### I.     INTRODUCTION

1. This is a civil action for actual damages, statutory damages and punitive damages brought by Mitito Twitty (Plaintiff), an individual consumer, against Defendant, Equifax Information Services LLC (hereinafter "Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1681(p) and 28 U.S.C. §1331. The Venue in this District is proper in that Defendant Equifax transacts business in Lancaster, Lancaster County, South Carolina, and the conduct complained of occurred in Lancaster, Lancaster County, South Carolina.

## III. PARTIES

3. Plaintiff Mitito Twitty (hereinafter "Mr. Twitty") is a natural person residing in Lancaster, Lancaster County, South Carolina.

4. Upon information and belief, and according to the information listed on the South Carolina Secretary of State website Defendant Equifax is a Georgia Limited Liability Company (LLC) registered to do business in the State of South Carolina.

5. Defendant Equifax is registered with the South Carolina Secretary of State as a Foreign Corporation.

6. Defendant Equifax's Entity ID with the South Carolina Secretary of State is 00055349.

7. Defendant Equifax's Status with the South Carolina Secretary of State is "Good Standing"

8. Defendant Equifax's Effective Date with the South Carolina Secretary of State is 06/06/2001.

9. Upon information and belief, and according to the information listed on the South Carolina Secretary of State website, Defendant Equifax's South Carolina Foreign Corporation Registered Agent is Corporation Service Company, whose address is 508 Meeting Street, West Columbia SC 29169.

10. Upon information and belief, Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

11. Upon information and belief Defendant Equifax compiles consumer information and provides "consumer reports" as defined by 15 U.S.C. §1681a(d).

12. Upon information and belief, Defendant Equifax as defined by 15 U.S.C. §1681a(p) is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. Upon information and belief, Defendant Equifax regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third (3rd) parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

(1) Public record information

(2) Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## PRELIMINARY STATEMENT

The FCRA (Fair Credit Reporting Act) regulates consumer reporting; Congress enacted the statute to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. One of the problems with the credit reporting industry that Congress recognized and sought to remedy with the FCRA (Fair Credit Reporting Act) was that a consumer is not always given access to the information in [their] file. The FCRA (Fair Credit Reporting Act) also promotes transparency of the credit reporting system to consumers in many ways, including by generally requiring that consumer reporting agencies disclose to consumers all information in their file upon request. Under Section 609(a), a consumer reporting agency must, upon request, clearly and accurately disclose to the consumer [a]ll information in the consumer's file at the time of request and [t]he sources of information. This requirement applies to all consumer reporting agencies. The FCRA (Fair Credit Reporting Act) defines a consumer's file as all of the information on that consumer that is recorded and retained by a consumer reporting agency, regardless of how the information is stored. Section 609(a)'s file disclosure requirements are central to the statute's accuracy, fairness and consumer privacy in the consumer reporting system.

## IV. FACTUAL ALLEGATIONS

13. On April 23, 2024, Plaintiff sent Defendant Equifax a written request for a copy of his full consumer file disclosure and included copies of proper identification (driver license, social security card and proof of address) with the written request via United States Postal Service Certified Mail, Certified Mail Number 7022 2410 0001 0513 1744. (Plaintiff will produce during Discovery).

14. According to the United States Postal Service Tracking Service on their website, Defendant Equifax received Plaintiff's Certified Mail with Plaintiff's written request inside on April 26, 2024 at 1:13pm. (Plaintiff will produce during Discovery)

15. Defendant Equifax in response to Plaintiff's unequivocal, explicit and very specific written request for his full consumer file disclosure that Defendant Equifax received on April 26, 2024 at 1:13pm Defendant Equifax mailed Plaintiff a credit report, date on the envelope was May 02, 2024 and Plaintiff received it on May 06, 2024 (Plaintiff will produce during Discovery), which was not responsive to Plaintiff's unequivocal, explicit and very specific written request for his full consumer file disclosure that Defendant Equifax received on April 26, 2024 at 1:13pm.

16. Plaintiff's written request to Defendant Equifax was unequivocal, explicit, very specific and specified in detail exactly the specific sections of the FCRA (Fair Credit Reporting Act) that requires Defendant Equifax to provide a full consumer file disclosure at least once per year at no cost when a request is made by Plaintiff.

17. Plaintiff's written request for a full consumer file disclosure from Defendant Equifax was Plaintiff's first request for a full consumer file disclosure within twelve (12) months.

18. Plaintiff never made a request for a credit report from Defendant Equifax, Plaintiff was unequivocal, explicit and very specific in requesting a full consumer file disclosure pursuant to 15 U.S.C. §1681(g)(a)(1).

19. Defendant Equifax did not provide Plaintiff with his full consumer file disclosure.

20. Thus, Defendant Equifax violated the FCRA (Fair Credit Reporting Act). For Plaintiff to obtain a full file disclosure under the FCRA, Plaintiff is only required to do two (2) things: (1) make a request and (2) provide proper identification (Plaintiff did those two things). Once those requirements or conditions are satisfied or met the consumer reporting agency shall provide the full file disclosure to Plaintiff.

21. On May 07, 2024, Plaintiff sent Defendant Equifax a second and final written request for a copy of his full consumer file disclosure and included copies of proper identification (driver license, social security card and proof of address) with the written request via United States Postal Service Certified Mail, Certified Mail Number 7022 2410 0001 0513 1782. (Plaintiff will produce during Discovery)

22. According to the United States Postal Service Tracking Service on their website, Defendant Equifax received Plaintiff's Certified Mail with Plaintiff's second and final written request inside on May 12, 2024 at 10:35AM. (Plaintiff will produce during Discovery)

23. Defendant Equifax in response to Plaintiff's unequivocal, explicit and very specific second and final written request for his full consumer file disclosure that Defendant Equifax received on May 12, 2024 at 10:35AM Defendant Equifax mailed Plaintiff a letter stating **"We received your request for a copy of your Equifax credit report. However, we need additional information in order to verify your identity and address. To help us fulfill your request please send us a letter with your full name, social security number, current address and your date of birth. Please also include a copy a copy of a document verifying your identity, your social security number and a copy of a document verifying your address"**. The

date on the letter was May 15, 2024 and Plaintiff received it on May 21, 2024 (Plaintiff will produce during Discovery), which was not responsive to Plaintiff's unequivocal, explicit and very specific second and final written request for his full consumer file disclosure that Defendant Equifax received on May 12, 2024 at 10:35AM.

24. Plaintiff's second and final written request for his full consumer file disclosure to Defendant Equifax was unequivocal, explicit, very specific and specified in detail exactly the specific sections of the FCRA (Fair Credit Reporting Act) that requires Defendant Equifax to provide a full consumer file disclosure at least once per year at no cost when a request is made by Plaintiff.

25. Plaintiff never made a request for a credit report from Defendant Equifax, Plaintiff was unequivocal, explicit and very specific in his second and final written request for his full consumer file disclosure pursuant to 15 U.S.C. §1681(g)(a)(1).

26. Defendant Equifax did not provide Plaintiff with his full consumer file disclosure.

27. Thus, Defendant Equifax violated the FCRA (Fair Credit Reporting Act). For Plaintiff to obtain a full file disclosure under the FCRA, Plaintiff is only required to do two (2) things: (1) make a request and (2) provide proper

identification (Plaintiff did those two things). Once those requirements or conditions are satisfied or met the consumer reporting agency shall provide the full file disclosure to Plaintiff.

28. Upon information and belief there is substantial information relating to Plaintiff that is contained in Defendant Equifax's files that has not been disclosed to Plaintiff including, but not limited to information that was previously shown and additional information that is provided/disseminated to prospective insurers, creditors or employers (3rd parties) who request information on Plaintiff that Plaintiff has never seen or is aware of.

29. Upon information and belief the information that is not disclosed to Plaintiff contains negative codes among other things that are provided/disseminated to prospective insurers, creditors or employers (3rd parties) which directly affect how those prospective insurers, creditors or employers (3rd parties) would view Plaintiff in terms of rating insurance policies, providing employment or granting credit.

30. This undisclosed information has never been provided to Plaintiff even when Plaintiff requested it so Plaintiff could examine it for accuracy and completeness. The aforementioned undisclosed information could be blatantly false or misleading and without disclosure by Defendant Equifax Plaintiff would not have the opportunity to dispute the completeness or

accuracy of the aforementioned undisclosed information, which Plaintiff is legally entitled to under Federal Law. Disclosure of misleading or false information to prospective insurers, creditors, or employers (3rd parties) that Plaintiff know nothing about could paint Plaintiff in a false light where Plaintiff could be denied credit, denied employment or pay higher interest rates on credit products if they were granted and pay higher insurance premiums on insurance products harming Plaintiff significantly.

31. Upon information and belief Defendant Equifax has much more, a lot more information relating to Plaintiff in their databases and files including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy and completeness that is provided/disseminated to third (3rd) parties when third (3rd) parties make a request for Plaintiff's file and then Defendant Equifax provides/disseminates Plaintiff's file to those third (3rd) parties.

32. Plaintiff has properly requested this information from Defendant Equifax again and again and it is required to be disclosed pursuant to 15 U.S.C. §1681(g)(a)(1) when a proper request is made by Plaintiff. For Plaintiff to obtain a full file disclosure under the FCRA, Plaintiff is only required to do two (2) things: (1) make a request and (2) provide proper identification (Plaintiff did those two things on multiple occasions). Once those

requirements or conditions are satisfied or met the consumer reporting agency shall provide the full file disclosure to Plaintiff.

33. Defendant Equifax has constantly refused to provide Plaintiff with his full consumer file disclosure after multiple proper written requests by Plaintiff to Defendant Equifax via United States Postal Service Certified Mail (Plaintiff will produce during discovery).

34. Plaintiff's multiple proper written requests were unequivocal, explicit and very specific and could not possibly be mistaken as a request for a credit report by Defendant Equifax.

35. Plaintiff has not had access to that undisclosed information Plaintiff therefore has not had opportunity to review it and dispute the completeness and accuracy of it if it is found to be false; yet Defendant Equifax constantly provides/disseminates it to potential insurers, creditors and employers (3rd parties) without Plaintiff's knowledge and illegally and purposely concealed from Plaintiff.

36. Upon information and belief when a report is provided/disseminated by Defendant Equifax to a potential insurer, creditor or employer (3rd party) that information is provided/disseminated in an encrypted format with instructions to the user that the consumer is not to be shown that information.

37. Upon information and belief the full file must contain information that the consumer has never seen and the consumer reporting agencies do not want Plaintiff to see this information for some unknown reason.

38. Plaintiff was unequivocal, explicit and very specific in his multiple proper written requests to Defendant Equifax for his full consumer file disclosure as clearly stated in and pursuant to 15 U.S.C. §1681(g)(a)(1).

39. Defendant Equifax has failed to comply with Plaintiff's multiple proper written requests for his full consumer file disclosure therefore Defendant Equifax is in violation of the FCRA (Fair Credit Reporting Act).

40. Upon information and belief due to Defendant Equifax's actions Defendant Equifax has caused an injury in fact to Plaintiff, Plaintiff have received many denials due to information in Plaintiff's file that Plaintiff has been unable to review for completeness and accuracy due to the failures of Defendant Equifax failing to comply with Plaintiff's multiple requests resulting in actual damages.

41. This action is filed in a timely manner and falls within the statute of limitations in accordance with 15 U.S.C. §1681p(1): 2 years after the date of discovery by the Plaintiff of the violation. 15 U.S.C. §1681p(2): 5 years after the date on which the violation that is the basis for such liability occurs.

42. Defendant has violated some of the most salient provisions of the FCRA (Fair Credit Reporting Act).

## V. FIRST CLAIM FOR RELIEF

## Equifax Information Services LLC

## 15 U.S.C. §1681 ET SEQ.

43. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

44. Defendant Equifax violated the FCRA (Fair Credit Reporting Act).

45. Defendant Equifax repeatedly failed to comply with Plaintiff's multiple proper written requests for a full consumer file disclosure pursuant to 15 U.S.C. §1681(g)(a)(1).

46. At all times herein Defendant Equifax acted negligently and willfully.

47. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A)

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

C. Costs pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(b).

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Mitito Twitty*    Date: 05/31/2024

Mitito Twitty (Pro se Plaintiff)

315 E Dunlap St

Lancaster, SC 29720-2512

980-313-6764 (telephone)

YBNORML36@GMAIL.COM (email)